# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.W., a minor, by and through her guardian ad litem, IKEA WRIGHT,<br><br>                        Plaintiff,<br><br>v.<br><br>LINCOLN MILITARY PROPERTY MANAGEMENT, INC;[1] CHRISTOPHER VINCENT; GIOVANNA CHAVEZ; and DOES 1 to 100, inclusive,<br><br>                        Defendants. | Case No.: 21-cv-00493-H-MDD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 2.] |

On February 8, 2021, Plaintiff S.W. ("Plaintiff"), a minor, by and through her guardian ad litem, Ikea Wright, filed a complaint in the California Superior Court for the County of San Diego. (Doc. No. 1, Ex. A.) On March 19, 2021, Defendant Lincoln Military Property Management, LP ("Lincoln") removed the action. (Doc. No. 1.) On March 26, 2021, Lincoln filed a motion to dismiss. (Doc. No. 2.) Plaintiff filed a response in opposition to Lincoln's motion on April 12, 2021. (Doc. No. 3.) On April 19, 2021, Lincoln filed a reply. (Doc. No. 4.) A hearing on the motion is currently scheduled for April 26, 2021. (Doc. No. 2.) The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument,

---

[1]     Lincoln was served as Lincoln Military Property Management, Inc., but maintains that it exists as a limited partnership under the name Lincoln Military Property Management, LP. (Doc. No. 2 at 1).

1

submits the motion on the parties' papers, and vacates the hearing. For the reasons that follow, the Court denies Lincoln's motion to dismiss.

### **Background**[2]

In July 2020, Plaintiff, then six years old, lived in an active-duty military community owned and operated by Lincoln. (Doc. No. 1, Ex. A ¶¶ 1, 7.) Her neighbors, Defendants Christopher Vincent and Giovanna Chavez, owned a dog named Tazz. (Id. ¶¶ 4, 8-9.) They owned Tazz in violation of their lease agreement with Lincoln, (id. ¶ 20), which forbids a tenant from keeping dogs on the property unless the dog is a service animal or Lincoln provides prior written approval, (Doc. No. 1-2, Ex. 7 at 5-6).[3] Nevertheless, Plaintiff alleges that Lincoln does not enforce this policy against its tenants. (Doc. No. 1, Ex. A ¶ 21.)

On July 2, 2020, Tazz attacked Plaintiff while she and her family were sitting in her front yard. (Id. ¶ 11.) Shortly before the attack, Vincent let Tazz walk into Plaintiff's yard unaccompanied. (Id.) At first, Tazz acted friendly. (Id. ¶ 13.) But as Plaintiff tried to pet Tazz, he lunged at Plaintiff and bit her. (Id.) Plaintiff's mother and Vincent eventually separated Tazz from Plaintiff, but not before Tazz had bitten Plaintiff's face, leg, and foot. (Id. ¶¶ 14-15.) After the incident, Plaintiff was transported to the hospital where she received over thirty sutures. (Id. ¶ 16.)

On February 8, 2021, Plaintiff filed a complaint alleging claims against Lincoln for negligence, strict liability, premises liability, and intentional infliction of emotional distress.[4] (Doc. No. 1, Ex A.) With the present motion, Lincoln moves to dismiss each

---

[2] The following allegations are taken from Plaintiff's complaint unless otherwise provided.
[3] The Court may rely on the lease agreement under the incorporation by reference doctrine because "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." U.S. v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011). The Court therefore denies as moot Lincoln's request for the Court to take judicial notice of the lease agreement.
[4] Plaintiff's complaint also alleges claims against Vincent and Chavez for negligence, statutory strict liability, common law strict liability, and intentional infliction of emotional distress. (Doc. 1, Ex. A ¶¶ 23-38, 46-49.)

claim under Rule 12(b)(6).  (Doc. No. 2.)

## Discussion

### I.     Legal Standards

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court must assume the plaintiff's factual allegations as true and construe all reasonable inferences in favor of the plaintiff.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  But the court is generally "not bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678 (citation omitted).

### II.    Negligence, Premises Liability, and Strict Liability

Plaintiff alleges claims against Lincoln for negligence, premises liability and strict liability.  (Doc. No. 1, Ex. A ¶¶ 23-49.)  Plaintiff's claims for negligence and premises liability require that Lincoln was actually aware of Tazz and his dangerous propensities. See Chee v. Amanda Goldt Prop. Mgt., 50 Cal. Rptr. 3d 40, 47 (Ct. App. 2006).  Plaintiff's strict liability claim requires, at a minimum, constructive knowledge on the part of Lincoln. See Thomas v. Stenberg, 142 Cal. Rptr. 3d 24, 31 (Ct. App. 2012) ("[A] keeper of an animal . . . that [the] keeper knows or has reason to know has dangerous propensities or traits, may be found strictly liable to anyone injured as a result of those propensities or traits.").[5]

---

[5]     The Court is skeptical as to whether Lincoln, as a residential lessor, would be subject to strict liability in the first place.  Common law strict liability only applies to those who "own, keep, or control" animals with dangerous propensities. Judicial Council of California Civil Jury Instruction ("CACI") 462. Here, Plaintiff does not allege that Lincoln cared for, harbored, or otherwise exercised control over Tazz. And the Court is aware of no California authority holding that the lessor-lessee relationship is sufficient

Lincoln argues that the Court should dismiss these claims because Plaintiff fails to plausibly allege its actual or constructive knowledge of Tazz and his propensities. (Doc. No. 2-1 at 5-6.) The Court disagrees. After all, at pleading stage, knowledge "may be alleged generally." Fed. R. Civ. P. 9(b); see also Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 903 (9th Cir. 2013). Even so, Plaintiff pled facts from which it may be inferred that Lincoln was aware of Tazz and his dangerous propensities. For example, Lincoln likely would have known about Tazz because his owners let Tazz outside and walked him in the neighborhood. (See Doc. No. 1, Ex. A ¶ 12.) Further, this is not the first time that Tazz has attacked a child in the neighborhood. (Id. ¶¶ 4, 17-18.) A few months before Tazz attacked Plaintiff, Tazz bit Plaintiff's five-year-old neighbor, causing him injuries that required over fifty sutures. (Id.)[6] At this stage in the case, the Court can reasonably infer that Lincoln, as the property manager, would have been aware of this event. Cahill, 80 F.3d at 337-38 (explaining court must construe all reasonable inferences in favor of plaintiff when reviewing motion to dismiss).

Lincoln also argues that Plaintiff's complaint does not satisfy Rule 8 because Plaintiff engaged in "group pleading." (Doc. No. 2 at 2.) Rule 8 requires that a complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. In some cases, courts have dismissed complaints for failing to provide sufficient notice because they contain allegations that broadly lump several

---

to meet this standard on its own. California courts generally require that a landlord owe a duty to prevent harms from a tenant's abnormally dangerous animal in the first place "[b]ecause the harboring of pets is such an important part of our way of life and because the exclusive possession of rented premises normally is vested in the tenant." Chee, 50 Cal. Rptr. 3d at 1370 (quoting Yuzon v. Collins, 10 Cal. Rptr. 3d 18 (Ct. App. 2004)). Nevertheless, the Court need not rule on this issue at this time because Lincoln did not raise the issue in its motion to dismiss, and neither party discussed the issue in their briefing.

[6] Plaintiff also adds in her opposition for the first time that Lincoln notified Vincent and Chavez that they were in breach of their lease agreement because "an unauthorized dog attacked [the] neighbor's child." (Id.) But the Court may not consider these additional allegations of fact at this time. See Schneider v. California Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); Lessin v. Ford Motor Co., 3:19-CV-01082-AJB-AHG, 2020 WL 6544705, at *3 (S.D. Cal. Nov. 6, 2020) (same).

defendants together. See, e.g., Doe v. Camp Pendleton & Quantico Hous. LLC, 20-CV-224-GPC-AHG, 2020 WL 1890576, at *7 (S.D. Cal. Apr. 16, 2020) (citations omitted). But here, the Court is not persuaded by this argument because Plaintiff's complaint contains enough details to give Lincoln fair notice of its alleged role in the case. Tivoli LLC v. Targetti Sankey S. P. A., No. SA CV 14-1285-DOC (JCGx), 2015 U.S. Dist. LEXIS 189660, at *9 (C.D. Cal. Feb. 3, 2015) ("Group pleading is not fatal to a complaint if the complaint still gives defendants fair notice of the claims against them." (citation omitted)).

In summary, Lincoln fails to show why Plaintiff's negligence, premises liability, and strict liability claims should be dismissed, which is its burden as the movant. See Glanville v. McDonnell Douglas Corp., 845 F.2d 1029 (9th Cir. 1988) ("The burden of demonstrating that no claim has been stated is upon the movant."); It's Just Lunch Franchise, LLC v. BLFA Enterprises, LLC, No. 03CV0561 BTM(LSP), 2003 WL 21735005, at *1 (S.D. Cal. July 21, 2003) ("It is the movant's burden to demonstrate that the plaintiff has not established sufficient facts in support of its claims."). The Court therefore denies Lincoln's motion to dismiss these claims.

### III. Intentional Infliction of Emotional Distress

The Court then turns to Plaintiff's claim for intentional infliction of emotional distress. In California, intentional infliction of emotional distress requires "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct . . . ." Christensen v. Super. Ct., 820 P.2d 181, 202 (Cal. 1991) (omission in original) (citation omitted).

Here, Plaintiff adequately states an intentional infliction of emotional distress claim. The Court already determined that Plaintiff sufficiently alleged that Lincoln knew about Tazz and his previous attack on a child in the neighborhood. Despite this knowledge, Plaintiff alleges that Lincoln failed to protect her by continuing to allow Vincent and

Chavez to reside with Tazz or otherwise warn Plaintiff about Tazz's propensities. (Doc. No. 1, Ex. A. ¶¶ 19-21, 26.) It is also plausible that Tazz's continued presence posed an obvious risk to Plaintiff's emotional wellbeing because she was a young girl who lived next door and Tazz's previous attack was of such a nature that it would likely cause a young child serious trauma. (See id. ¶¶ 1-4, 11-12.) Thus, Plaintiff plausibly alleges that Lincoln's conduct was extreme and outrageous and was undertaken with reckless disregard to Plaintiff. See Rozario v. Richards, 687 Fed. App'x 568, 571 (9th Cir. 2017) (unpublished) (reversing district court's decision that Plaintiff failed to allege "outrageous" conduct when defendant knew of dogs history of biting and failed to protect or warn plaintiff); Christensen, 820 P.2d at 203-04 (recovery for intentional infliction of emotional distress permitted when "defendant is aware of, but acts with reckless disregard of the plaintiff and the probability that his conduct will cause severe emotional distress to that plaintiff").

Further, Plaintiff also sufficiently alleges that Lincoln's conduct caused her extreme emotional distress. Plaintiff, a six-year-old girl at the time, was brutally attacked by Tazz, a dog much larger than her. (See Doc. No. 1, Ex. A ¶¶ 13-16.) Plaintiff claims that, at one point during the attack, Tazz "latched onto Plaintiff's face" and his grip "was so strong that Plaintiff's mother was holding her off the ground and still Tazz would not let go." (Id. ¶ 14.) After the event, Plaintiff was transported to the hospital, where she received more than thirty sutures on her face, lips, leg, and foot. (Id. ¶ 16.) At the pleading stage, the Court must construe the allegations in the complaint in the light most favorable to the plaintiff. Cahill, 80 F.3d at 337-38. Under this standard, Plaintiff's claim that she suffered severe emotional distress is certainly plausible given the alleged brutality of the attack, her age at the time, and her facial injuries, among other things. Accordingly, the Court denies Lincoln's motion to dismiss Plaintiff's intentional infliction of emotional distress claim.

**IV. Punitive Damages**

Finally, the Court turns to the issue of punitive damages. California Civil Code section 3294(a) provides that punitive damages may be awarded if the plaintiff proves "by

clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Section 3294(b), however, provides that employers cannot be subject to punitive damages for acts of employees unless "the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." Where the defendant is a corporate employer, "the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Id.

Lincoln argues that the Court should dismiss Plaintiff's prayer for punitive damages against it because Plaintiff fails to plead that the acts of its employees were authorized or ratified by one of its corporate officers, directors, or managing agents, as required by section 3294(b). (Doc. No. 2 at 8.) But this argument presumes that section 3294(b)'s corporate employer provisions apply to Lincoln in the first place. As Lincoln makes clear in its motion to dismiss, Lincoln is a limited partnership, not a corporation. (Id. at 1.) The Court is aware of no California authority, nor does Lincoln cite to any, which suggests that Lincoln, as a limited partnership, would be subject to the corporate employer requirements of section 3294(b).

Regardless, Lincoln's argument would fail even if section 3294(b)'s corporate employer requirements did apply. After all, "in federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." Rees v. PNC Bank, N.A., 308 F.R.D. 266, 273 (N.D. Cal. 2015) (quoting Clark v. Allstate Ins. Co., 106 F.Supp.2d 1016, 1019 (S.D. Cal. 2000)); Simmons v. Countrywide Home Loans, Inc., 09-CV-1245-JAH, 2010 WL 2635220, at *7 (S.D. Cal. June 29, 2010) ("Conclusory assertions of intentional and malicious misconduct are sufficient to support a claim for punitive damages."); Escobedo v. Countrywide Home Loans, Inc., 09-CV-1557-BTM(BLM), 2009 WL 4981618, at *4 (S.D. Cal. Dec. 15, 2009) (same). Here, Plaintiff alleges that Lincoln acted "with conscious

disregard for the health and safety of Plaintiff." (Doc. No. 1, Ex. A ¶¶ 29, 45, 49.) This satisfies federal pleading standards. See Simmons, 2010 WL 2635220, at *7 (refusing to strike conclusory prayer for punitive damages against corporation despite corporation's argument that the plaintiff "failed to plead facts establishing that defendant, as a corporate employer, is liable for any acts of oppression, fraud or malice"); Escobedo, 2009 WL 4981618, at *4 (same). The fact that Plaintiff does not also add conclusory allegations regarding the knowledge, ratification, or authorization of Lincoln's managers is not dispositive given that, at the pleading stage, the Court must construe the allegations in the light most favorable to Plaintiff, Cahill, 80 F.3d at 337-38, and Plaintiff alleges that it was Lincoln's informal policy to not enforce its dog-related lease provisions against its tenants, (see Doc. No. 1, Ex. A. ¶ 21). See Shaterian v. Wells Fargo Bank, N.A., 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011) (assuming any employee's acts were authorized or ratified by requisite corporate authority based on other allegations in the complaint); Anaya v. Machines de Triage et Broyage, 18-CV-01731-DMR, 2019 WL 359421, at *6 (N.D. Cal. Jan. 29, 2019) (same). In this case, whether Lincoln may be subject to punitive damages is an issue best left for summary judgment when the record is more fully developed. Therefore, the Court denies Lincoln's motion to dismiss Plaintiff's prayer for punitive damages.

## Conclusion

For the foregoing reasons, the Court denies Lincoln's motion to dismiss in its entirety.

**IT IS SO ORDERED.**

DATED: April 22, 2021

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT